\*CINCINNATI, HAMILTON & DAYTON R. R. Co. v. J. L. VAN DORN.

1. COMPANY LIABLE FOR NEGLIGENCE OF CONTRACTORS.

    A railroad company, in constructing its tracks across a public highway, cannot, by employing contractors to do the work, shield itself from responsibility for injury done to a traveler by the negligence of its contractor.

2. CONSTRUCTION OF TRACKS ACROSS HIGHWAY—LIABILITY FOR NEGLIGENCE.

    The statute giving the railroad company the right to construct its track across a public road imposes a personal duty on the railroad company, of care and diligence to the public; and the contractors whom it may employ to do the work are simply its agents and servants, and it is responsible for their negligence.

---

\*This case was dismissed by the Supreme Court for failure to file a printed record, October 5, 1886.

ERROR to the Common Pleas Court of Hamilton county.

Cox, J.

J. L. Van Dorn brought his action to recover damages alleged to have been sustained by him on account of the negligence of defendant, its agent and servants. The plaintiff avers that his servant having charge of his team of horses, while driving along a public highway over which defendant's railroad crossed, fell through a culvert, and one of his horses was severely injured.

That it was the duty of said railroad to provide and keep said culvert in good order, but that it suffered the same to become so unsafe, defective and useless, that plaintiff's servant, by reason of said negligence, and without any negligence on his part, and without knowing it was dangerous, drove on the culvert, and one horse was injured.

Defendant among other things admits that it is a corporation, operating the railroad in question, but denies all other averments.

The testimony tended to show this state of facts:

That the railroad company, at the point where the injury occurred, being at the crossing of a public road, was constructing a double track. That to do this it was necessary to widen the surface of the road across a culvert running down the highway, and parallel with the railroad. That the company had let the contract to make the double track to a company consisting of Hine & Price. The 3d article of the contract provided that the work should be done under the *supervision* and according to the direction of the engineer of the railroad company, and his assistants. "Said engineer shall have full power to reject and condemn any work." The engineer of the railroad shall be the final umpire on all questions which may arise relating to the work done under this agreement, and from this decision there shall be no appeal. "The company reserves the right to suspend the work." The rails and ties were to be furnished and temporary track laid under the direction of the engineer of the company. By 8th sub. of contract it is provided that, "When any work shall in any manner interfere with a traveled road, public or private, the contractors shall keep the same, at all times, unobstructed and safe for travel, and any failure to do so shall be estimated" by the engineer of the company, who shall deduct the amount thereof from the payments to be made upon their estimates."

That on the day when the injury occurred, the servant of plaintiff had crossed the track and culvert over the public road twice with a loaded wagon, and had noticed that the laborers had taken some of the earth from the top of the culvert; that before crossing it at the time of the injury, he saw another wagon loaded with lumber before his, but that fearing there might be danger he stopped and looked, and was then told by the employees at work to come on, there was no danger. He went on and his horses broke through the culvert injuring one horse severely.

It is claimed by the company that they are not responsible for the injury.

1. Because they had let the work to contractors, and had not reserved any control over the mode and manner of doing the work.

2. That the negligence of the plaintiff's servant contributed to the injury.

3. Refusal of the court to give certain charges.

We think that, by the contract, the company did reserve the control of the mode and manner of doing the work. The 3d, 5th and 8th sections clearly evince that. The railroad company had a right, by section 3284, Rev. Stat., to construct its track across the public highway; but in doing so it was its duty, without unnecessary delay, to place the road in such condition as not to impair the former usefulness. This was the duty imposed by statute and attached to the exercise of the right, "and such duty must be performed," "it cannot relieve itself from liability through the intervention of an independent contractor." Hughes v. R. R. Co., 39 O. S., 461, 477.

11    C  C    1

"In case of an apparent conflict in interference between the rights of the railroad and the public to use the highway, each must defer to the other in its reasonable use of the crossing; or, in other words, each must exercise reasonable care not to interfere unnecessarily with the use of the road by the other." P., Ft. W. & C. R. R. Co. v. Maurer, 21 O. S., 421, 429.

This *care* is a personal matter to the railroad, and cannot be delegated to another so as to shield the company from liability. For the purpose, therefore, of occupying the public road for this track, the workmen were under the direction of the railroad company, and they should have exercised reasonable care not to interfere with the use of the road by the track. While working at it, they had the best means of observing whether it was safe to cross over, and when they notified the servant of plaintiff that it was so, he was warranted in crossing in the belief that it was safe.

Did the negligence of plaintiff's servant contribute to the injury? We think not. He had crossed on this place before on the same day. Had seen another wagon go just before him at the time of the injury; before starting to cross had stopped and looked to see if it was safe, and was notified by the workmen to do so. In this action we think he did what any prudent man would have done.

Judgment of common pleas affirmed.

Ramsey, Maxwell & Matthews, for plaintiff in error.

J. T. Harrison, for defendant in error.